# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JANICE CONDARA, | * | |
| | * | No. 17-977V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: October 22, 2019 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | Tentative Finding of Facts |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED TENTATIVE RULING FINDING FACTS[1]

      Special masters may provide tentative findings and conclusions during the pendency of litigation. See Vaccine Rule 5. In the undersigned's estimation, the rules envision that tentative findings before all the evidence is developed could facilitate formal and informal resolution of a claim. The undersigned offers the following tentative findings and conclusions so that the parties may be able to focus their efforts on those issues that are material and remain disputed. These findings are tentative insomuch as they are subject to change upon the presentation of additional evidence or argument.

      The parties dispute when Ms. Condara experienced pain in her shoulder following vaccination. Witnesses testified at a hearing held on October 18, 2019, in Houston, Texas. See Campbell v. Sec'y of Health & Human Servs., 69 Fed. Cl. 775, 779-80 (2006) (noting the efficacy of holding a hearing in cases where testimony and medical records conflict). Ms. Condara, her daughter-in-law, her sister, and her daughter testified in person. Two people, a former partner and a former caretaker, testified via telephone.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). This posting will make the decision accessible to anyone via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

Pursuant to well-established standards for determining when events did or did not happen, see Sanchez v. Sec'y of Health & Human Servs., No. 11-685V, 2013 WL 1880825, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2013), mot. for rev. denied, 142 Fed. Cl. 247, 251-52 (2019), appeal docketed, No. 2019-1753 (Fed. Cir. Apr. 9, 2019), the undersigned finds how the evidence preponderates. In setting forth the findings, the undersigned also cites to the primary evidence that is the basis for the finding. The undersigned recognizes that not all evidence is entirely consistent with these findings. See Doe 11 v. Sec'y of Health & Human Servs., 601 F.3d 1349, 1355 (Fed. Cir. 2010) (ruling that the special master's fact-finding was not arbitrary despite some contrary evidence). Indeed, it is the presence of inconsistent evidence that dictated a proceeding to resolve factual disputes.

The undersigned has considered this testimony as well as the documentary evidence filed in advance of the hearing. Based upon a review of this evidence, the undersigned finds that a preponderance of the evidence supports a finding that **Ms. Condara suffered pain in her shoulder immediately after receiving a flu vaccination on November 22, 2014**. The main reasons for this finding are:

1. No evidence suggests that Ms. Condara suffered from any shoulder pain before November 22, 2014, and Ms. Condara reported shoulder pain on October 27, 2015. See Resp't's Statement regarding Onset, filed June 24, 2019, at 1 (acknowledging that records of Ms. Condara's medical history before the vaccination do not show any shoulder problem); exhibit 5 at 35-40 (appointment on October 27, 2015). Thus, as a matter of logic, the shoulder pain must have begun between November 22, 2014, and October 27, 2015.

2. Within three weeks of the vaccination, Ms. Condara posted to Facebook a query about pain after vaccination, recounting that she was still experiencing pain after her recent flu vaccination (exhibit 4 and exhibit 26 at 22).[2]

3. Medical records recount that Ms. Condara's shoulder pain began around the time of vaccination. These include:

   a. Ms. Condara's report to Dr. Lowder on October 27, 2015 (exhibit 5 at 35-40),

   b. Ms. Condara's history submitted to Dr. Hicks that says the injury occurred on November 22, 2014 (exhibit 11 at 1), and

---

[2] During the hearing, the Secretary elicited testimony that Facebook postings can be edited. However, Ms. Condara denied editing this posting. If the Secretary wanted to establish that this posting was edited, the Secretary should retain a computer forensic firm to investigate.

  c. Dr. Hicks's report on October 29, 2015, that she had been having right arm pain for more than a year (exhibit 11 at 9).[3]

4. The witnesses testified in writing (affidavits) and orally that Ms. Condara's pain began immediately after vaccination. Their testimony was consistent and clear.

5. No evidence affirmatively suggests that Ms. Condara's shoulder pain, which, to repeat, must have begun between November 22, 2014, and October 27, 2015, began on a day other than November 22, 2014.

6. Ms. Condara preferred homeopathic or alternative therapies. Between November 22, 2014, and October 27, 2015, Ms. Condara attempted to treat her shoulder pain using various homeopathic or alternative therapies, including ingestion or topical use of turmeric, collagen, and arnica. Ms. Condara also used light therapy and massage therapy. The various witness's testimony established this fact, despite the lack of documentation created contemporaneously with the homeopathic interventions.

7. Between November 22, 2014, and October 27, 2015, Ms. Condara was treated by a chiropractor, Dr. Mary Gorzelnik. See exhibit 24 (onset affidavit) ¶ 7. Ms. Condara, Mr. Powers, and Ms. Mensik testified about chiropractic treatment, although this testimony was (a) vague in terms of when Ms. Condara began treatment and (b) inconsistent about the number of sessions. Through her attorney, Ms. Condara represented that she made a good faith effort to acquire these records but has been unable to obtain them due to Dr. Gorzelnik having retired and moved out of the state.

8. In light of this evidence supporting a finding that Ms. Condara began experiencing shoulder pain immediately after the flu vaccination, an argument against Ms. Condara having experienced pain for that long based upon her 11-month delay in treatment is not persuasive. First, as noted above, Ms. Condara did not entirely delay treatment. She pursued her preferred alternative methods of treatment before turning to more traditional Western medicine. Second, Ms. Condara spent a great amount of time arranging care for her father and her step-mother throughout 2015. Her activities explain, to some degree, why she did not prioritize her own health.[4]

For these reasons, the undersigned finds that Ms. Condara began to experience shoulder pain immediately after the November 22, 2014 vaccination.

---

[3] Because these records were created months after the onset of Ms. Condara's pain, they are not contemporaneous. The lack of contemporaneity reduces, but does not eliminate, the evidentiary value of these medical records.

[4] In contrast, the undersigned does not accept Ms. Condara's claim that her lack of health insurance prevented her from obtaining care. Ms. Condara's income allowed her to afford health insurance and/or to pay for a doctor's appointment if she chose to spend her resources on her health care.

The undersigned encourages the parties to attempt to resolve the remainder of the case informally. To assist in this process, the undersigned offers the following comments regarding the compensation to which Ms. Condara may be entitled.

1. Unreimbursed Medical Expenses.

    a. Past. Ms. Condara appears to have incurred expenses related to homeopathic or alternative therapies. The undersigned expects that they would total no more than a few thousand dollars.

    b. Future. Dr. Hicks has suggested that Ms. Condara have a surgery to address her rotator cuff tear, but Ms. Condara has feared this procedure. While it is not entirely clear that a vaccination can lead to a rotator cuff tear, Ms. Condara could prudently purchase health insurance before undergoing an expense like an operation. Discussion and compromise from both parties seem especially appropriate here.

2. Lost Earnings. It appears that Ms. Condara did not suffer a loss of earnings due to her shoulder injury. See exhibit 23 (damages affidavit) ¶ 8.

3. Pain and Suffering. Despite contrary testimony from Ms. Condara, the undersigned finds that Ms. Condara's pain was relatively mild. Ms. Condara was able to perform most of her activities despite the inconvenience of pain in her non-dominant shoulder. Indeed, the (relative) mildness of the pain goes hand-in-hand with Ms. Condara's course of treatment. It is likely that if Ms. Condara were truly suffering a debilitating injury, then she would have found time in her schedule to seek medical attention from a traditional doctor much sooner.

If the parties retain any experts to opine about causation, the parties must deliver this Tentative Ruling to the proposed expert. See Burns v. Sec'y of Health & Human Servs., 3 F.3d 415 (Fed. Cir. 1993). A status conference to discuss these findings of fact and to ascertain the parties' progress in resolving this case informally is set for **Wednesday, November 6, 2019, at 2:00 P.M. Eastern Time**.

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

                                              s/Christian J. Moran
                                              Christian J. Moran
                                              Special Master