# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JANICE CONDARA,                       *
                                      *    No. 17-977V
              Petitioner,             *    Special Master Christian J. Moran
                                      *
v.                                    *    Filed: December 20, 2021
                                      *
SECRETARY OF HEALTH                   *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * **
```

Brian L. Cinelli, Marcus & Cinelli, LLP, Williamsville, NY, for Petitioner;
Dhairya D. Jani, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 18, 2021, petitioner Janice Condara moved for final attorneys' fees and costs. She is awarded **$67,936.38.**

\* \* \*

On July 20, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccination she received on November 22,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2014, caused her to suffer a shoulder injury related to vaccine administration. Petition at 1. A fact hearing was held on October 18, 2019, and the undersigned issued his findings of fact on October 22, 2019. Thereafter, the parties engaged in settlement negotiations and on September 23, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 WL 6293259 (Fed. Cl. Spec. Mstr. Sept. 23, 2020).

On March 18, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $65,051.00 and attorneys' costs of $3,435.38 for a total request of $68,486.38. Fees App. at 5. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Fees App. Ex. 5. On March 18, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*          *          *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

 Petitioner requests the following hourly rates for the work of her counsel, Mr. Brian Cinelli: $275.00 per hour for work performed in 2015 and 2016, $300.00 per hour for work performed in 201-2021. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and they shall be awarded herein. See Albers v. Sec'y of Health & Human Servs., No. 16-1715V, 2020 WL 8509729, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2020); Stine v. Sec'y of Health & Human Servs., No. 17-1389V, 2020 WL 6746986 (Fed. Cl. Spec. Mstr. Oct. 23, 2020).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable.  The undersigned notes that counsel has done a good job with the level of description contained in the billing entries, which has allowed the undersigned to assess their reasonableness. The only issue is that paralegals have billed some time for administrative/clerical tasks, such as handing invoices for costs and for filing documents on behalf of Mr. Cinelli. Upon review, a reasonable reduction for these issues is $550.00, representing five hours of paralegal time billed. Petitioner is therefore awarded final attorneys' fees of $64,501.00.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $3,435.38 in costs. This amount is comprised of Acquiring medical records, the Court's filing fee, postage, photocopies, travel costs associated with attending the fact hearing in Houston, Texas, and the cost of the transcript from that hearing. Fees App. Ex. 3 at 29. Petitioner has provided adequate documentation to support the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs requested.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$67,936.38** (representing $64,501.00 in attorneys' fees and $3,435.38 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Brian Cinelli.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED**.


s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.